UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60042-CR-COHN

UNITED STATES OF AMERICA,

vs.

CINDY MORAN-SANCHEZ,

    Defendant.
_____/

## ORDER OVERRULING OBJECTIONS TO NOTICES OF INEXTRICABLY INTERTWINED/RULE 404(b) EVIDENCE

**THIS CAUSE** is before the Court on the Government's Notice and Memorandum of Law in Support of the Introduction of Inextricably Intertwined/Rule 404(b) Evidence [DE 138], the Government's Notice and Memorandum of Law in Support of the Introduction of Rule 404(b) Evidence [DE 139], Defendant Cindy Moran-Sanchez's Response in Opposition [DE 215], and the Government's Reply [DE 221]. The Court has considered the above submissions, the applicable law, and is otherwise advised in the premises.

The Superceding Indictment charges Cindy Moran-Sanchez, her husband, Jose Sanchez, and her sister, Elizabeth Moran-Toala, with conspiracy to import and distribute heroin and cocaine. The conspiracy charged is alleged to have been formed in June, 2006, and ended on February 5, 2009 with the Defendants' arrests.

In its Notices, the Government seeks to introduce evidence establishing how the coconspirators came to interact with each other, pre-conspiracy drug offenses which show a chain of events forming the context, motive and set-up of the crime charged, and Elizabeth Moran-Toala's prior use of the TECS system to provide information to a

separate group of narcotics traffickers.

For the reasons set forth below, the Court finds that the evidence proffered by the Government in its Notices [DE 138 & 139] is admissible, and Defendant Cindy Moran-Sanchez's objections will be overruled.

First, evidence of Elizabeth Moran-Toala's prior use of the TECS system to provide information to other narcotics traffickers clearly falls within the purview of Federal Rule of Evidence 404(b).  This evidence provides proof of intent, plan, knowledge, identity, and absence of mistake.  Proper notice has been provided to the Defendants.  It has been demonstrated that the prior act occurred and that Elizabeth Moran-Toala was the actor.  In addition, the probative value of this evidence outweighs any prejudicial effect the evidence might have.  United States v. Cancelliere, 69 F.3d 1116 (11th Cir. 1995).  Therefore, this evidence is admissible.

Second, the evidence of Cindy Moran-Sanchez's prior dealings with Juan Baez and Rodrigo Perdomo are both inextricably intertwined and Rule 404(b) evidence.  This evidence establishes the relationship between Moran-Sanchez and coconspirator Baez which preexisted the charged conspiracy.  It shows the prior drug offenses committed with Baez and Moran-Sanchez's relationship with Perdomo who at the time was the boyfriend of her sister and Co-Defendant Elizabeth Moran-Toala.  After Perdomo was arrested in 2002, Moran-Sanchez contacted Baez in order to warn him to get rid of his telephone and to be careful.  Baez provided Moran-Sanchez with several thousand dollars for Perdomo's defense.  The relationship between Baez and Moran-Sanchez continued after Perdomo's arrest with shipments of heroin from Moran-Sanchez to Baez.  It is this relationship between Baez and Moran-Sanchez that forms the

foundation of the charged conspiracy.

"Evidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998).

As the Government maintains, the pre-indictment drug trafficking activity between Moran-Sanchez and Baez "provides context for the charged conspiracy because it explains, among other things, the manner in which the Defendants know the witness who will ultimately be testifying against them, the relationship of the parties, the level of trust afforded the members of the conspiracy, the scope and breadth and methods of the organization, the code-words used by the parties to refer to heroin and nicknames." Government's Notice [DE 138 at 8]. This evidence is clearly inextricably intertwined and thus admissible. In addition, the evidence is also admissible under Rule 404(b) as it is probative of knowledge, intent, plan, preparation and absence of mistake. Moreover, the probative value of the evidence outweighs the prejudicial effect.

The objections of Moran-Sanchez to the admissibility of the Rule 404(b) evidence and the inextricably intertwined evidence lack merit for the following reasons:

1. The evidence of criminal wrongdoing of Jose Sanchez is admissible as he was a coconspirator. Of course, it must be shown that any declarations of Jose Sanchez were made during the conspiracy and in furtherance thereof.

2. Contrary to Moran-Sanchez's representation, the Government does

        identify the purpose for which the Rule 404(b) evidence is offered.

3.     The remoteness argument is nullified by several cases cited by the Government.

4.     The admission of Rule 404(b) evidence involving a Co-Defendant would not require a severance.

Accordingly, it is thereupon

**ORDERED AND ADJUDGED** that Defendant Cindy Moran-Sanchez's Objections [DE 215] to the introduction of evidence identified in the Government's Notices [DE 138 & 139] are **OVERRULED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 1st day of March, 2010.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record